

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

March 20, 2025

Kelly L. Stephens, Clerk of Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

**Re:** *OPAWL et al. v. Yost et al.*, **Nos. 24-3768 & 24-3818, Rule 28(j) Notice**

Dear Ms. Stephens,

Pursuant to FRAP 28(j), Plaintiffs-Appellees/Cross-Appellants (hereinafter "OPAWL") notify the Court of the decision in *Boone County Republican Party Executive Committee v. Wallace*, No. 24-5783, 2025 WL 842088 (6th Cir. Mar. 18, 2025) (merits op.).

OPAWL cited the stay panel decision from the same appeal in its briefing. *See Boone County Republican Party Exec. Committee v. Wallace*, 116 F.4th 586 (6th Cir. 2024), *vacated*, No. 24-5783, 2025 WL 842088 (6th Cir. Mar. 18, 2025). The merits opinion provides further support for OPAWL's position.

First, OPAWL cited the stay order for its recognition that "[t]he nature of the challenged regulatory regime" at issue in that case "makes regulatory investigation and enforcement easier and more likely . . . The allowance of complaints from members of the public creates a 'real risk of complaints from, for example, political opponents' with an intent to frustrate speech they oppose." *Boone*, 2025 WL 842088, at *6 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014)); *see also* OPAWL's 2d Br. at 12, 21, 59; OPAWL's 4th Br. at 18 n.10, 22–23 n.12 (citing this portion of order). The Court now reaffirms this point. 2025 WL 842088, at *6 (reiterating same). As OPAWL explained, §121 creates similar risks—but even more so. *See* OPAWL's 4th Br. at 17–18 & n.10.

Second, while the Court vacates the stay it issued earlier, its reasoning supports OPAWL's position, including that it is likely to succeed on its claims that §121

violates the First Amendment. The Court issued the stay in *Boone* because, on first look, it construed the law at issue there to be a ban on speech. 2025 WL 842088, at *1. But after having the opportunity to consider the matter further, it concluded that the law was more properly understood as only a disclosure requirement. *Id*. In contrast, here, §121 is plainly a ban on speech. And because it bans speech related to ballot issues specifically, it is also content-based. *Id*. at *15. Either way, it is subject to strict scrutiny. *See id*. at *4, *15.

Sincerely,

*/s Elisabeth C. Frost*
Elisabeth C. Frost

*Counsel for Appellees/Cross-Appellants*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify, in accordance with Rule 28(j) of the Federal Rules of Appellate Procedure, that this letter complies with the type-volume requirements and contains 346 words.

I further certify that on March 20, 2025, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Respectfully submitted,

*/s Elisabeth C. Frost*
Elisabeth C. Frost
