

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

April 25, 2025

Kelly L. Stephens, Clerk of Court
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

**Re:** *OPAWL et al. v. Yost et al.*, Nos. 24-3768 & 24-3818, Rule 28(j) Notice

Dear Ms. Stephens:

Per FRAP Rule 28(j), Plaintiffs-Appellees/Cross-Appellants ("OPAWL") notify the Court of the recent decision in *Brown v. Yost*, 133 F.4th 725 (6th Cir. 2025), which supports OPAWL's position in the pending appeals.

First, *Brown* recognizes that ballot issue advocacy is "core political speech" subject to strict scrutiny under the First Amendment. 133 F.4th at 732–35. Consistent with OPAWL's position, *Brown* underscores that "First Amendment protection is 'at its zenith' where initiative petitions are concerned." *Brown*, 133 F.4th at 732; *see also* OPAWL's 2d Br. at 15–16.

Second, *Brown* confirms that speech about a ballot initiative is "core private, political speech" subject to the strongest First Amendment protection "even if the speech is made within the lawmaking part of the ballot-initiative process." 133 F.4th at 739–40. This supports OPAWL's position that *speech* about a ballot initiative is distinct from acts of democratic governance like lawmaking and voting. OPAWL's 2d Br. at 30–33, 50–53 & n. 19; OPAWL's 4th Br. at 11. Indeed, even the dissent would likely agree that §121's prohibitions on independent expenditures "fall neatly on one side of the line," as such expenditures are undoubtedly the "communicative conduct of persons advocating a position on the initiative" and therefore "external" to the lawmaking process. *Brown*, 33 F.4th at 738–39; *see also id.* at 743 (Bush, J., dissenting).

Finally, the Court found the challenged statute in *Brown* "concerning" because it

Kelly L. Stephens, Clerk of Court<br>
April 25, 2025<br>
Page 2

"provides no guidance to the Attorney General . . . , leaving substantial room for the statute to be implemented in an arbitrary and discriminatory way." 133 F.4th at 734. As OPAWL has explained, §121 is even more problematic. Not only does it provide no guidance to the Attorney General or the Secretary of State, it requires that they investigate *any* complaint made by "the governor, the secretary of state, the general assembly, or the Ohio elections commission," or *any* Ohio elector, even if entirely frivolous. O.R.C. § 3517.121(G)(2); *see* OPAWL's 2d Br. at 58–59; OPAWL's 4th Br. at 17–19.

        Sincerely,

        /s/ *Elisabeth C. Frost*
        Elisabeth C. Frost

        *Counsel for Appellees/Cross-Appellants*

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify, in accordance with Rule 28(j) of the Federal Rules of Appellate Procedure, that this letter complies with the type-volume requirements and contains 339 words.

I further certify that on April 25, 2025, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Respectfully submitted,

*/s/ Elisabeth C. Frost*
Elisabeth C. Frost