

Office of the Solicitor General
Office 614-466-8980
Fax 614-466-5087

April 28, 2025

Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

    Re:  <u>Response to 28(j) notice in *OPAWL v. Yost*, Nos. 24-3768, 24-3818</u>

Dear Ms. Stephens:

    This Court's recent *Brown v. Yost* stay vacatur decision is orthogonal to the question in this case. *Brown* asked a "what" question, while this case asks a "who" question.

    In answering a "what" question, *Brown v. Yost* reinstated a preliminary injunction that required the Attorney General to certify as "'fair and truthful'" a citizen-written summary of a citizen-initiated constitutional amendment. *Brown v. Yost*, 133 F.4th 725, 732 (6th Cir. 2025) (quoting statute). The key dispute was whether that law "implicates the First Amendment" at all, because the parties disagreed whether the certified summary on official ballot petitions circulated to voters was government speech or private speech. *Id.* at 733, 734.

    In contrast, this case raises a "who" question—are non-citizens entitled to participate in democratic self-government just the same as citizens. *See, e.g.*, Doc.44, First Br., at 17–18, 29. "Ohio's compelling interest in" regulating "who the government can exclude from the processes of self-government," *OPAWL - Building AAPI Feminist Leadership v. Yost*, 118 F.4th 770, 778 (6th Cir. 2024), simply does not intersect with the *Brown* court's holding that Ohio's certification statute "involves core political speech," 133 F.4th at 732.

30 E. Broad Street, 17th Floor, Columbus, Ohio 43215
www.OhioAttorneyGeneral.gov

The Supreme Court's First Amendment cases trace this same distinction between what and who. Its decisions about what qualifies as First Amendment speech, *e.g.*, *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 302 (2022), do not necessarily answer the who question, whether "the Government has a compelling interest in limiting foreign influence over our political process," *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 362 (2010).

If the cases overlap at all, they agree that Ohio's initiative process plays a key role in Ohioans' self-governance. *See Brown*, 133 F.4th at 732; *OPAWL*, 118 F.4th at 778. That agreement reveals that, if *Brown* is relevant, it supports Ohio's efforts to restrict non-citizen spending on initiative campaigns.

This case is about Ohio's interest in defending the integrity of its political process to exclude foreign influence. Nothing in *Brown* changes the landscape here.[*]

DAVE YOST
Ohio Attorney General

*/s/ T. Elliot Gaiser*
T. ELLIOT GAISER*
Solicitor General
  **Counsel of Record*
MICHAEL J. HENDERSHOT
Chief Deputy Solicitor General
KATIE ROSE TALLEY
Deputy Solicitor General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
614-466-8980
614-466-5087 fax
thomas.gaiser@ohioago.gov

*Counsel for Ohio Attorney General Dave Yost*

---

[*] This response complies with Federal Rule of Appellate Procedure 28(j), as the body contains 335 words.

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

    /s/ T. Elliot Gaiser
T. Elliot Gaiser
Solicitor General